1  Balam O. Letona, Esq. (Cal. Bar No. 229642)
   Law Office of Balam O. Letona, Inc.
2  1509 Seabright Avenue
   Santa Cruz, CA 95062
3  Telephone: (831) 421-0200
   Facsimile:  (831) 421-0400
4  letonalaw@gmail.com
5
   Attorney for Plaintiff:
6  Carlos Martinez

7
                    **IN THE UNITED STATES DISTRICT COURT**
8              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

9

| | |
|---|---|
| CARLOS MARTINEZ, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | JURY TRIAL DEMANDED |
| GILA LLC dba MUNICIPAL SERVICES BUREAU, and DOES 1-10. | |
| Defendants. | |

10

11

12

13

14

15
                              **I. INTRODUCTION**
16
        1.   Defendant Gila LLC made repeated calls to Plaintiff Carlos Martinez's cell phone
17
   in an attempt to collect an alleged debt. Defendant called plaintiff's cell phone using an
18
   automatic telephone dialing system and used an artificial or prerecorded voice without his
19
   prior consent. Martinez demanded that defendant stop calling him, but defendant ignored his
20
   request and kept making repeated calls. Defendant has a business plan and practice of
21
   engaging in the unlawful conduct described herein.
22
        2.   According to findings made by Congress and echoed by the Federal
23
   Communications Commission, the type of calls that defendant made to Plaintiff are
24
   prohibited because automated calls or the use of an artificial or prerecorded voice are a
25
   greater nuisance and invasion of privacy than live solicitation calls, and such calls can be
26

27

28

                                        1

costly and inconvenient[1]. Just a week ago the FCC adopted a proposal under the Telephone Consumer Protection Act designed to further protect consumers against unwanted robocalls and "affirmed a consumers right to control the calls they receive.[2]"

3.   As a result of defendant's unlawful acts and omissions Martinez's privacy has been invaded, he has suffered emotional distress, including nervousness, anger, fear, stress, and head aches, among other negative emotions and damages.

## II. FACTS

4.   Martinez is a longtime resident of Monterey County. He allegedly incurred money fines related to traffic tickets in the County of Monterey. He began making payments directly to the County of Monterey.

5.   Even though he was making payments he began receiving unsolicited calls from defendant in an attempt to collect on the fines within the last four years. Defendant used an artificial or pre-recorded voice when making the phone calls to his cell phone and an automatic dialing system. Defendant never obtained Martinez's consent to make any telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice. Frustrated, Martinez demanded that defendant stop calling him.

6.   Then, on or about June 26, 2013, Martinez sent a letter to defendant demanding that it stop calling him, but the calls continued.

7.   In the fall of 2014, Plaintiff paid off the fines that he had been paying directly to the County of Monterey. However, the calls from defendant continued leading Martinez to file suit.

8.   The defendant's day to day activities include attempting to collect debts from

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

[2] https://www.fcc.gov/document/fcc-strengthens-consumer-protections-against-unwanted-calls-and-texts

1   consumers via use of the phone and mail.

2   9.   Defendant's calls were repeated and continuous and were with such frequency as to

3   be unreasonable and constitute harassment under the circumstances. The calls were intentionally

4   made in a campaign of harassment.

5   10.   Defendant has a business plan and practice of engaging in the unlawful conduct

6   described herein.

7   11.   Defendant used an automatic telephone dialing system and used a prerecorded voice

8   and artificial voice to telephone Martinez's cellular telephone in the last four years. At all times

9   relevant to this complaint, defendant used, controlled, and/or operated "automatic telephone

10   dialing systems" and "artificial or prerecorded voice" as defined by the TCPA, 47 U.S.C. § 227

11   et.seq., and 47 C.F.R. § 64.1200 et.seq.

12   12.   As a result of defendant's unlawful acts and omissions Martinez's privacy has been

13   invaded, he has suffered emotional distress, including nervousness, anger, fear, stress, and head

14   aches, among other negative emotions and damages.

15   ### III. JURISDICTION AND PARTIES

16   13.   Jurisdiction of this Court arises under 28 U.S.C. §1331, 28 U.S.C. §1337, 47 U.S.C.

17   §227, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

18   14.   Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a

19   substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

20   15.   Carlos Martinez ("Martinez or Plaintiff") is over the age of 18 and is a resident of

21   Monterey County.

22   16.   On information and belief, Defendant Gila LLC., dba Municipal Services Bureau is a

23   foreign business corporation doing business in California. Defendant in the ordinary course of

24   business, regularly attempts to collect debts owed to another. During the relevant time period,

25   defendant was contracted by the County of Monterey to collect on accounts that the County of

26   Monterey transferred to defendant for collection.

27   17.   Defendants Does 1 through 10 are persons or entities whose true names and capacities

28

are presently unknown to Plaintiff, and who therefore are sued by such fictitious names. Plaintiff

is informed and believes and thereon alleges that each of the fictitiously named defendants

perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the

matters alleged herein, and is jointly and severally liable to Plaintiff. Plaintiff will seek leave of

court to amend this complaint to state the true names and capacities of such fictitiously named

defendants when ascertained.

18. At all relevant times, the conduct of each defendant named above, as well as that of

its agents, servants and/or employees, was malicious, intentional, willful, reckless, in conscious

disregard for the rights of others, and in grossly negligent disregard for federal and state laws and

the rights of Martinez.

19. At all times mentioned herein, each defendant and employee of defendant named

above was the agent or employee of each of the other defendants and was acting within the course

and scope of such agency or employment and under direct supervision and control of each

defendant. The defendants are jointly and severally liable to Plaintiff. Defendant approved,

authorized and/or ratified the wrongful acts and omissions herein.

### IV. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### TELEPHONE CONSUMER PROTECTION ACT

20. Plaintiff repeats the foregoing paragraphs as if fully reinstated herein.

21. At all relevant times to this complaint, the Plaintiff was and is a "person" as defined

by the TCPA 47 U.S.C. §153(32).

22. At all times relevant times to this complaint, the defendant owned, operated, and or

controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(14) that

originated, routed, and/or terminated telecommunications.

23. The defendant at all times relevant to the complaint herein engages in

"telecommunications" defined by the TCPA U.S.C. § 153(43).

24. The defendant at all times relevant to the complaint herein engage in "interstate

1    telecommunications" defined by the TCPA U.S.C. § 153(43).

2        25.  At all relevant times to this complaint, the defendant used, controlled, and/or operated

3    "wire communications" as defined by the TCPA 47 U.S.C. § 153(52), that existed as

4    instrumentalities of interstate and intrastate commerce.

5        26.  At all times relevant to this complaint, defendant used, controlled, and/or operated

6    "automatic telephone dialing systems" and "artificial or prerecorded voice" as defined by the

7    TCPA, 47 U.S.C. § 227 et.seq., and 47 C.F.R. § 64.1200 et.seq.

8        27.  Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 et.seq.,

9    by using an "automatic telephone dialing system" and using an "artificial or prerecorded voice" to

10   telephone Plaintiff's cellular phone without Plaintiff's consent.

11       28.  Defendant's violations were willful and knowing.

12       29.  As a result of these violations of the TCPA, defendant is liable to Plaintiff for

13   statutory damages, including treble damages.

14       30.  Defendant engaged in willful and knowing violations of 47 U.S.C. § 227 et.seq.

15       31.  Defendant acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to

16   punitive damages in an amount according to proof and a finder of fact at trial.

17       32.  Plaintiff is entitled to recover actual damages, attorney fees, costs and punitive

18   damages.

19                              **SECOND CLAIM FOR RELIEF**
                                **INTRUSION UPON SECLUSION**
20

21       33.  Plaintiff repeats the foregoing paragraphs as if fully reinstated herein.

22       34.  Defendant's acts described herein constitute an invasion of the Plaintiff's privacy

23   and an intrusion upon his right of seclusion.

24       35.  Plaintiff has a reasonable expectation of privacy in his solitude, seclusion and/or

25   private affairs.

26       36.  Defendant's abusive and improper collection practices in the collection of the

27   debt, including calling Plaintiff after he asked that all calls stop and the use of an automatic

28

1    telephone dialing system and the use of artificial or prerecorded voices without Plaintiff's

2    consent constituted an invasion of Plaintiff's seclusion and privacy, and would be highly

3    offensive to a reasonable person.

4         37.  Defendant intended to cause emotional distress, and/or engaged in reckless

5    disregard of the probability of causing Plaintiff emotional distress.

6         38.  As a proximate result of Defendants conduct, Plaintiff has suffered damages in an

7    amount to be determined by proof and finder of fact at trial.

8         39.  Defendants acted with oppression, fraud, and/or malice, thereby entitling Plaintiff

9    to punitive damage in an amount according to proof and a finder of fact at trial.

10   **THIRD CLAIM**
     **NEGLIENT TRAINING AND SUPERVISION**
11

12        40.  Plaintiff repeats the foregoing paragraphs as if fully reinstated herein.

13        41.  Defendant negligently trained and supervised their employees and agents as to the

14   performance of their job duties and as a result of such negligent instruction and supervision, the

15   employees/agents while carrying out their job duties caused injury and damage to Plaintiff.

16        42.  As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has

17   suffered damages in an amount to be determined at trial.

18        43.  Defendant acted with oppression, and/or malice, thereby entitling Plaintiff to punitive

19   damages in an amount to be determined at trial. Defendants acted in a despicable manner and

20   acted with a conscious disregard to the rights of Plaintiff.

21   **FOURTH CLAIM**
     **CALIFORNIA BUS. & PROF. CODE § 17200**
22

23        44.     Plaintiff repeats the foregoing paragraphs as if fully reinstated herein.

24        45.     Defendant's unlawful business acts and/or practices as alleged herein have

25   violated numerous laws and/or regulations and said predicate acts are therefore per se

26   violations of Bus. and Prof. Code § 17200 et seq. These predicate unlawful business acts

27   and/or practices include Defendant's unlawful and intrusive collection practices and

28

1  telephone conduct in violation of federal law as described above. Business and Professions

2  Code 17200-17205 prohibits business acts and practices that are unlawful, unfair and

3  deceptive.

4       46.    Defendant's acts and practices alleged above constitute unlawful, unfair and

5  deceptive business practices.

6       47.    Plaintiff is entitled to injunctive relief against Defendant for its unlawful,

7  unfair, and deceptive acts and practices as provided by Bus. & Prof. Code 17203.

8       48.    Defendant's unlawful, unfair and deceptive business practices present a

9  continuing threat in that Defendant is currently engaging in such acts and practices and will

10  persist and continue to do so unless and until an injunction is issued by this Court. As such,

11  pursuant to Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining Defendant from

12  engaging in the acts and business practices as described above.

13       49.    Plaintiff has suffered injury in fact and has lost money or property as the result

14  of the unfair competition and business practice. Plaintiff suffered an invasion or injury to a

15  legally protected interest, and had incurred an out of pocket loss, including U.S. certified

16  mailing fees and other losses.

17  **VI. PRAYER FOR RELIEF**

18      WHEREFORE, Plaintiff prays for the following relief:

19      1.   For compensatory, actual damages, statutory damages, injunctive relief and punitive

20         damages;

21      2.   Statutory and treble damages pursuant to the TCPA;

22      3.   Injunctive relief pursuant to 47 U.S.C. 227(b)(3)(A);

23      4.   Punitive damages pursuant to Civil Code §3294;

24      5.   For an award of attorneys' fees, costs and expenses incurred in the investigation,

25         filing and prosecution of this action pursuant to Code of Civ. Proc. §1021.5 and any

26         other applicable provisions of law;

27      6.   For prejudgment interest to the extent permitted by law; and

28

1         7.   For such other and further relief as the Court may deem just and proper.

2    Respectfully submitted,

3    Dated 6/24/2015

4                    /s/ Balam O. Letona

5                    Balam O. Letona, Esq.

6                    Attorney for Plaintiff

7

8                           **DEMAND FOR JURY TRIAL**

9    PLEASE TAKE NOTICE that Plaintiff Carlos Martinez hereby demands a trial by jury of all
     triable issues of fact in the above-captioned case.

10

11                   /s/ Balam O. Letona

12                   Balam O. Letona, Esq.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28